## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

ASHLEY LYNN LEWIS, MARK
LEWIS, and MARIA LEWIS,

      Plaintiffs,

v.                                                    Case No. 3:25-cv-1141-MMH-LLL

HOLIDAY CVS, L.L.C., d/b/a CVS
PHARMACY STORE #4422,

      Defendant.

_____

## <u>O R D E R</u>

**THIS CAUSE** is before the Court <u>sua sponte</u>. On August 15, 2025,

Plaintiffs Ashley Lewis, Mark Lewis, and Maria Lewis initiated this action in

Florida state court by filing a six-count Complaint. <u>See</u> Complaint (Doc. 3). On

September 24, 2025, Defendant, Holiday CVS, LLC, removed this action from

the state court in which Plaintiffs filed the action. <u>See</u> Defendant's Notice of

Removal of Cause (Doc. 1). Upon review of the Complaint, the Court finds it is

due to be stricken as an impermissible shotgun pleading. In the analysis that

follows, the Court will discuss the problem with the Complaint and will provide

Plaintiffs with the opportunity to file a corrected complaint consistent with the

Federal Rules of Civil Procedure (Rule(s)). Failure to comply with the pleading

requirements set forth in this Order may result in the dismissal of this action without further notice.

Significantly, a complaint may not run afoul of the Eleventh Circuit's prohibition against shotgun pleading. See generally Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321–23 (11th Cir. 2015) (outlining four broad categories of impermissible shotgun pleadings).[1] The Eleventh Circuit has unequivocally instructed that shotgun pleadings are "altogether unacceptable." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997); see also Cook v. Randolph Cnty., 573 F.3d 1143, 1151 (11th Cir. 2009) ("We have had much to say about shotgun pleadings, none of which is favorable." (collecting cases)). Indeed, the Eleventh Circuit has engaged in a "thirty-year salvo of criticism aimed at shotgun pleadings, and there is no ceasefire in sight."

---

[1] The Eleventh Circuit has summarized the four categories of shotgun complaints as follows:

> The first [category] is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." The second is a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." The third is a complaint that does not separate "each cause of action or claim for relief" into a different count. And the final type of shotgun pleading is a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Barmapov v. Amuial, 986 F.3d 1321, 1324–25 (11th Cir. 2021) (quoting Weiland, 792 F.3d at 1321–23).

_Weiland_, 792 F.3d at 1321; <u>see, e.g.</u>, <u>id.</u> at 1321 n.9 (collecting cases). As the court in <u>Cramer</u> recognized, "[s]hotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." <u>Cramer</u>, 117 F.3d at 1263. As such, when faced with the burden of deciphering a shotgun pleading, it is the trial court's obligation to strike the pleading on its own initiative and force the plaintiff to replead to the extent possible under Rule 11. <u>See</u> <u>id.</u> (admonishing district court for not striking shotgun complaint on its own initiative); <u>see also</u> <u>Weiland</u>, 792 F.3d at 1321 n.10 ("[W]e have also advised that when a defendant fails to [move for a more definite statement], the district court ought to take the initiative to dismiss or strike the shotgun pleading and give the plaintiff an opportunity to replead.").

In the Complaint, Plaintiffs contend that Holiday CVS negligently failed to provide a prescription to Ashley Lewis and that this failure caused her to suffer significant injuries. <u>See</u> Complaint ¶¶ 14, 15, 22–25, 30–40. In Count I, Ashley Lewis asserts a claim against Holiday CVS for negligence. <u>See</u> <u>id.</u> ¶¶ 22–25. In Count IV, she asserts a claim against Holiday CVS for negligence <u>per</u> <u>se</u>. <u>See</u> <u>id.</u> ¶¶ 30–40. In Counts II and III, Mark Lewis and Maria Lewis assert that Holiday CVS's alleged negligence resulted in each suffering a loss of

consortium. See id. ¶¶ 26–29. And in Counts V and VI, respectively, Mark Lewis and Maria Lewis each claim that Holiday CVS's negligence per se resulted in their loss of consortium. See id. ¶¶ 41–46.[2]

Relevant here is the "most common type" of shotgun complaint, one in which the plaintiff asserts "multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d 1313, 1321, 1321 n.11 (collecting cases). As a result, "most of the counts … contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002). Consequently, in ruling on the sufficiency of a claim, the Court is faced with the onerous task of sifting out irrelevancies in order to decide for itself which facts are relevant to a particular cause of action asserted. See id. Here, while Plaintiffs do not reincorporate each preceding count in each subsequent count, Plaintiffs do impermissibly reincorporate Count I into Count IV, Counts I and III into Count V, and Counts I and III into Count VI. In doing so, in Count IV, Ashley Lewis brings a claim for negligence per se in which she reincorporates her ordinary negligence claim.

---

[2] Plaintiffs allege that Mark Lewis and Ashley Lewis are husband and wife and that Maria Lewis is their minor child. See Complaint ¶¶ 3,4.

See Complaint ¶ 30 (reincorporating paragraphs 23–25, which is Count I). In Count V, Mark Lewis brings a claim for negligence per se in which he reincorporates both Ashley Lewis's and Maria Lewis's ordinary negligence claims. See id. ¶ 41 (reincorporating paragraphs 23–25 and 28–29, which are Counts I and III). Likewise, in Count VI, Maria Lewis brings a claim for negligence per se in which she reincorporates both Ashley Lewis's and her own ordinary negligence claims. See id. ¶ 44 (reincorporating paragraphs 23–25 and 28–29). This manner of pleading falls squarely into the first category of impermissible shotgun pleadings. See Barmapov, 986 F.3d at 1325; see also Sarhan v. Miami Dade Coll., 800 F. App'x 769, 771–72 (11th Cir. 2020).[3]

Because Plaintiffs' Complaint is an impermissible shotgun pleading, the Court will strike the filing and direct Plaintiffs to file a corrected complaint. See Holbrook v. Castle Key Ins. Co., 405 F. App'x 459, 460–61 (11th Cir. 2010) ("The district court has the inherent authority sua sponte to require the plaintiff to file a more definite statement."). Failure to comply with the Rules and this Order may result in dismissal of this action without further notice.

Accordingly, it is

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

**ORDERED:**

1.    Plaintiffs' Complaint (Doc. 3) is **STRICKEN**.

2.    On or before **November 6, 2025**, Plaintiffs shall file a corrected complaint that complies with the Federal Rules of Civil Procedure and the directives of this Order.[4]

3.    Defendant shall respond to the corrected complaint in accordance with the Federal Rules of Civil Procedure.

**DONE AND ORDERED** in Jacksonville, Florida, on October 16, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of record

_____

[4] The filing of the corrected complaint does not affect any right Plaintiffs may have to amend as a matter of course under Rule 15(a)(1).

- 6 -